## STATE ex FARRELL v CLEVELAND (city) et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13142. Decided July 10, 1933

W. H. Fitzgerald, Cleveland, for relator.
W. George Kerr, Cleveland, and William C. Dixon, Cleveland, for respondents.

McGILL, J.

Again reverting to the agreed statement of facts, it appears that several miscellaneous investigators were laid off prior to April 15, 1932. In the same department to which relator was assigned one other miscellaneous investigator was laid off on February 29, 1932, and this relator was not laid off until April 15, 1932. Rule 9, paragraph 5 of the Rules of the Civil Service Commission as set forth in the agreed statement of facts, provides in substance that where a number of persons appointed from the same eligible list, are temporarily laid off, upon the refilling of a position the Commission shall certify for reinstatement or reappointment the persons in the order in which they have been laid off. In other words, where a number of persons from the same eligible list were laid off, the first one laid off would be the first one to be reinstated. If all of the miscellaneous investigators without regard to the departments to which they had been assigned, were eligible to reinstatement in the order in which they were laid off, then, from the agreed statement of facts, it clearly appears that ten of the thirteen were laid off prior to April 15, 1930 and prior to the lay-off of this relator. If only those assigned to the Department of Public Utilities are considered, the record discloses that one other miscellaneous investigator was laid off prior to April 15, 1932.

Under Rule 9, paragraph 5 of the Civil Service Commission above mentioned, priority would be given for certification by the Commission to the miscellaneous investigator or investigators who were laid off before April 15, 1932.

In view of these admitted facts it is not established that the relator, Farrell, is entitled to be restored as against the ten or the one laid off prior to April 15, 1932, nor does the agreed statement of facts anywhere disclose that the duties and typical tasks of the other miscellaneous investigators, even in the same department, were different from the duties and typical tasks of this relator.

574

As to the reorganization of July 20, 1932, in which the positions of Chief and Assistant Divisional Claim Adjusters were created, it is conceded in relator's brief that the Board's action was not tainted with subterfuge and that no bad faith is to be imputed to the Board of Control in creating these positions and effecting this reorganization.

In the case of **Dystra, City Manager et v State ex Albert, 36 OLR, 508** (1932) it was held that:

"The action of the city council in abolishing one civil service office and combining its duties with that of another office, is not a mere subterfuge which would entitle the previous occupant of the office to the new office * * *."

A comparison of the duties and tasks of the relator as miscellaneous investigator with the duties and tasks of the second assistant Divisional Claim Adjuster, supra, shows that there was not merely a change of name but in fact a change of duties to a marked degree. From the record, we do not think that it can be fairly said that the reorganization effected only a change in name and not a change in duties.

In the case of **Curtiss v State ex, 108 Oh St 292** (1923) it is said by Marshall CJ, at page 304:

"Whatever language may have been employed by the legislature in the enactment of the civil service statutes, that language must be construed in the light of the underlying principles of the civil service commission as hereinbefore declared, and we cannot agree that the legislature intended to empower the Commission to interfere with the administration of the city government in such a way that the working forces in the classified service could not be reduced in the interest of public economy and to prevent deficiencies in the public funds."

It may be that Lanzaro was appointed to the position formerly held by this relator. If so, that fact does not appear in the agreed statement of facts. There is nothing in the agreed statement of facts to show that Lanzaro succeeded relator rather than one of the other miscellaneous investigators, or the one laid off February 29, 1932, who was assigned to the same department as the relator. The court can consider as evidence only this agreed statement of facts and the evidence does not establish that this relator would be entitled to the position occupied by Lanzaro even if it be assumed that Lanzaro did later perform the same duties as previously performed by the relator.

It is well established that a writ of mandamus being an extraordinary remedy can only be granted where a clear right thereto is shown.

It is said in the case of **State ex Lamb v Swisher, 112 Oh St 707** (1925) by Day, J, at page 715:

"The burden is upon the relator to show a clear right to the extraordinary remedy of mandamus which she seeks. It is not sufficient for her to show a flaw in the title of others to official position under civil service regime."

Prior to July 21, 1932, during the period of approximately two months in which Lanzaro was assisting in the collection of delinquent accounts, it is doubtful whether Lanzaro was performing the same duties theretofore performed by relator. But even during that period the relator has not shown a right to the position as against one or more of the miscellaneous investigators who were laid off prior to April 15, 1932. If Lanzaro was illegally employed during that period, the most that can be said would be that the relator has shown a flaw in the title of Lanzaro but has not established a clear right to the position.

Under the facts as disclosed by the agreed statement of facts, and the law, this court is compelled to, deny the writ.

LIEGHLEY, PJ, concurs in judgment.
LEVINE, J, not participating.