Matthias, J.
The issue in this cause is whether, under Section 7 of Rule X of the Administrative Rules of the Director of State Personnel, a civil service employee in the classified service of the state shall be deemed to have resigned, where he is absent without leave for a total of ten consecutive calendar days but not for ten consecutive working days.
In order to determine whether an absence without leave for' ten consecutive calendar days is sufficient to effectuate the *571 automatic resignation designated in Section 7, Bule X, we must examine the rule itself.
At the time of relator’s remoyal, the rule read, in part:
“* * * Absence from duty without leave for ten consecutive days shall be deemed a resignation from the service by the absentee upon report of such absence by the appointing authority and the resignation shall be entered upon the records of the Department of State Personnel; provided, however, that if at any time within 30 days the person so absenting himself shall make satisfactory explanation to the director of the cause of the absence, he may be reinstated to his position.” (Emphasis added.)
Respondent contends that absence without leave for ten consecutive calendar days is all that is required in order that such absence shall be deemed a resignation, citing State, ex rel. Lamb, v. Swisher, 112 Ohio St., 707, and State, ex rel. Barcroft, v. Stover, 170 Ohio St., 54.
In each of those cases, the employee was absent without leave well beyond ten days, and the issue of whether the days of absence were duty days or calendar days was not determinative. Here, however, that issue is the determinative one as the record shows that relator, although absent for ten consecutive calendar days, was not absent for ten consecutive duty or working days.
It is elementary that all the words in a statute or rule must be considered in its construction. Section 7, Rule X, does not state merely that absence without leave for ten consecutive days shall be deemed a resignation, but, on the contrary, it states that ‘£ absence from duty without leave for ten consecutive days shall be deemed a resignation.” It must have been contemplated that the word, duty, would have some significance or it would not have been included in the rule.
Its significance is apparent, and, in view of this, there is no room for speculation as to its meaning. The word, duty, implies the performance of work, and, therefore, we are compelled to conclude that in order for ten days of absence without leave to be deemed a resignation the days of absence must be days on which performance of the duties incident to the work are re *572 quired. Thus, for one to be considered absent from duty he must be away from his job at a time when he is required to be there. If he is not required to be on duty, he cannot be considered absent from duty.
In passing we wish to point out that it was improper to cancel the hearing which at one time was scheduled before the Board of Review. Section 7 of Rule X itself makes provision for reinstatement if satisfactory explanation is made concerning the cause of the absence. Such portion of the rule necessarily implies that on request a hearing should be accorded an employee who is deemed by the rule to have resigned.
Inasmuch as back pay cannot be recovered in an action such as this, relator’s prayer for such pay is denied. State, ex rel. Barborak, v. Hunston, 173 Ohio St., 295, 301.
To conclude, since relator’s absence did not add up to ten consecutive duty days, as is required by Section 7 of Rule X of the Administrative Rules of the Director of State Personnel, his removal was improper. It follows that the judgment of the Court of Appeals must be, and it hereby is, reversed, and that the writ of mandamus for reinstatement must be, and it hereby is, allowed.

Judgment reversed and writ allowed.

Taft, C. J., O’Neill, Herbert and Gibson, JJ., concur.
Zimmerman and Griffith, JJ., dissent.